NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3135

ALTON L. WHITE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Christopher D. Vaughn, Melville Johnson, P.C., of Atlanta, Georgia, for petitioner.

Tara K. Hogan, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.   Of counsel on the brief was John W. Grimes, Office of the Staff Judge Advocate, United States Department of the Army, of Birmingham, Alabama

Appealed from:  United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3135

ALTON L. WHITE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: October 5, 2007

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

MOORE, Circuit Judge.

Alton White appeals the final decision of the Merit System Protection Board (Board) that denied White's petition for enforcement of a prior Board order. White v. Dep't of the Army (White II), No. AT00752050119-C-2 (M.S.P.B. Aug. 3, 2006) (finding Agency was in compliance with order in White v. Dep't of the Army (White I), No. AT0752050119-I-2 (M.S.P.B. Sep. 13, 2005)). We affirm.

BACKGROUND

White was appointed to a position as a Logistics Management Specialist with the Army on April 23, 2000. That position required that White maintain membership in the Selective Reserve and that he have a valid security clearance. Apparently, on

September 3, 2003, the U.S. Army Reserve Personnel Command issued an order indicating that White was reassigned from active-duty reserve status to the Retired Reserves because he was twice passed over for promotion. White was released from active duty and transferred to the Retired Reserves on July 15, 2004. On August 21, 2004 the Army determined that White did not meet all of the requirements for the position of Logistics Management Specialist because of his transfer to the retired reserves and proposed his removal for failure to maintain a basic condition of employment. His removal became effective on October 15, 2004. White appealed that decision to the Board.

White also contested the Army's refusal to promote him. While the appeal of White's October 15, 2004 removal was pending before the Board, the Army determined that he should have been promoted and that he was improperly transferred from the active to the retired reserves. As a consequence of this agency decision, the Administrative Judge (AJ) determined that the reason for the Army's removal action was no longer valid and, therefore, the action was reversed. White I, No. AT0752050119-I-2 at 4-5. Accordingly the AJ ordered the Army to do two things: (1) retroactively restore White effective October 15, 2004, and (2) pay White "the appropriate amount of back pay." Id. at 5. The AJ's decision became final when neither party filed a petition for review to the Board.

During the course of White's Board appeal related to his October 15, 2004 removal, the Army learned that White's security clearance had been suspended. Thus, while White was a member of the Selected Reserves and satisfied that condition for the position of Logistics Management Specialist, he no longer satisfied the requirement that

he have a valid security clearance. There is evidence in the record that his security clearance was suspended effective December 4, 2003, although White continued to work his position until his removal in October of 2004.[1] Therefore, the Army retroactively restored White to the Army's rolls of employees effective October 15, 2004, but immediately placed him in a non-duty, non-pay status pending the outcome of the investigation into his security clearance. The Army also denied White's claim for back pay because he was not "ready, willing, and able" to perform the duties of his previous position.

White filed a petition for enforcement of the AJ's order on April 6, 2006. The AJ found that the Army was in compliance with the earlier order even though the Army had placed White in a non-duty, non-pay status. White II, No. AT00752050119-C-2 at 8. The AJ's decision rested primarily on the notion that a restored employee is not entitled to be placed in a better position than he would have been in if he had not been removed. Id. at 3. The AJ also agreed that the Army properly calculated White's back pay based on the requirement in 5 C.F.R. § 550.805(c), which provides back pay cannot include pay for any periods during which the restored employee was not "ready, willing, and able to perform his or her duties." White II, AT00752050119-C-2 at 7.

A number of things have occurred since the AJ's August 3, 2006 decision. First, White's security clearance was restored effective September 20, 2006. Second, on October 30, 2006, the Army issued a memorandum to White stating that because his

---

[1] In her decision on White's petition for enforcement, the AJ found that there was a dispute concerning the effective date of the revocation of White's security clearance. White II, No. AT00752050119-C-2 at 5 n.2. The AJ found, however, that she did not need to resolve that question because his security clearance was invalid from prior to his removal until the date of her decision on White's petition for enforcement. Id.

security clearance was restored he could return to pay status in his former position effective September 20, 2006. This memorandum also informed White that his former position had been relocated from Ft. Gillem, Georgia to Birmingham, Alabama. White declined the change in duty station. Thus, the Army removed White effective January 5, 2007.

On January 22, 2007, the Board denied White's petition for reconsideration of the AJ's decision in White II. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our jurisdiction to review Board decisions is limited by statute. We must affirm a Board decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

White raises three issues in his appeal to this court. First, White contends that the Army was required to restore him to his position as a Logistics Management Specialist; placing him on non-duty, non-pay status, according to White, violated the AJ's order in White I. Second, White contends that he is entitled to back pay calculated from October 15, 2004. Third, White contends that his position was not properly moved to Birmingham, Alabama.

### I.

We reject White's contention that the Army was required to place him back in his previous position despite his lack of a valid security clearance. White does not contest

that the AJ's decision with respect to his restoration in <u>White II</u> was improper on the merits. Rather, White contends that his petition for enforcement must be granted because he <u>currently possesses</u> the requisite security clearance to be returned to his position. White relies on the letter he received on September 28, 2006 informing him that his security clearance had been restored. <u>See</u> <u>Petitioner's Br.</u> at 14.

The September 28, 2006 letter is not relevant to whether the AJ's decision to deny White's petition for enforcement is supported by substantial evidence or otherwise in accordance with the law. The undisputed evidence of record is that White did not satisfy all of the requirements for the position of Logistics Management Specialist between October 15, 2004 and August 3, 2006, the date the AJ rendered her decision. White does not once contend that the agency should have restored him to the Logistics Management Specialist position without a valid security clearance; what White contends is that he should now be restored retroactive to October 15, 2004. That White might now possess the appropriate security clearance, however, is irrelevant to whether the AJ's decision was proper when it was rendered.

II.

White also contends that the AJ erred in denying his claim for back pay. Once again, White relies primarily on the September 28, 2006 letter, which he argues entitles him to back pay. The Army contends that White is not eligible to receive back pay because he was "not ready, willing, and able to perform his . . . duties" as required by 5 C.F.R. § 550.805(c). Although we believe that both the Board and Army have misread § 550.805(c), we agree that White is not entitled to back pay for the period between October 15, 2004 and the time that his security clearance was restored. White was not

entitled to back pay for this period not because he was not "ready, willing, and able to perform his duties," but because he was "unavailable" to perform his duties. Id.

The applicable back pay regulation, 5 C.F.R. § 550.805(c) provides:

(c) Except as provided in paragraph (d) of this section, in computing the amount of back pay under section 5596 of title 5, United States Code, and this subpart, an agency may not include--

(1) Any period during which an employee was not ready, willing, and able to perform his or her duties because of an incapacitating illness or injury; or

(2) Any period during which an employee was unavailable for the performance of his or her duties for reasons other than those related to, or caused by, the unjustified or unwarranted personnel action.

Id. (emphases added).

The AJ based her decision on the "ready, willing, and able" provision of § 550.805(c)(1). This section, however, prohibits back pay during periods in which an employee is unable to work because of "an incapacitating illness or injury." Nothing in the record shows that White suffered from an incapacitating illness or injury that would prohibit him from receiving back pay under § 550.805(c)(1). The undisputed facts demonstrate, however, that for the period between October 15, 2004 and the date White's security clearance was restored White was "unavailable for the performance of his . . . duties" because he did not satisfy a necessary condition to perform his duties, i.e., possess a valid security clearance. Therefore, although the AJ appears to have applied the wrong provision in § 550.805(c), that error was harmless.

III.

White contends that the Army improperly relocated his position to Birmingham, Alabama in violation of a collective bargaining agreement. According to White, the

Army's offer to restore him to a position in Alabama is also not in compliance with the AJ's order in White I. The Army contends that this issue is not properly before us and any consideration of it would be premature. We agree with the Army.

It would be inappropriate to consider any issues related to White's arguments related to the Army's relocation of his position to Birmingham, Alabama or his subsequent removal for refusal to relocate. These events all occurred after the August 3, 2006 Initial Decision in White II and are not properly before us in this appeal. Moreover, White filed another petition for enforcement with the Board directed to these precise questions. It appears that that petition is currently before the Board. See White v. Dep't of the Army, No. AT0752050119-C-3 (M.S.P.B. May 8, 2007).

## CONCLUSION

Because the AJ's decision to deny White's petition for enforcement is supported by substantial evidence and is otherwise in accordance with the law, we affirm.

## COSTS

Each party shall bear its own costs.